UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **C&S PROPERTIES-D, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-833** |
| **FOREMOST INSURANCE CO. GRAND RAPIDS, MICHIGAN** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 6). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff C&S Properties-D, LLC alleges that three of its properties sustained damage as a result of Hurricane Ida. The properties are located at (1) 13063 Mickeys Drive, Apt. A & B, Hammond, LA; (2) 15335 Gretchen Lane, Covington, LA; and (3) 20574 Neal Road, Loranger, LA. Plaintiff brings claims under the insurance policies issued for these properties by Defendant Foremost Insurance Company of Grand Rapids, Michigan, alleging that Defendant breached the insurance contracts and acted in bad faith in violation of Louisiana Revised Statutes § 22:1892 and 22:1973. Plaintiff filed its claims in

1

the 21st Judicial District Court for the Parish of Tangipahoa, and Defendant removed the action to this Court on diversity grounds.

Now before the Court is Defendant's Motion to Dismiss pursuant to Rule 12. Defendant argues that Plaintiff's Complaint improperly cumulates its three properties in one case and fails to include sufficient factual allegations upon which relief can be granted. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.

2

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

### A. Improper Cumulation of Claims

First, Defendant argues that each of Plaintiff's properties has its own separate facts, damages, estimates, and policy and that the cumulation of all three properties in one lawsuit is improper. In so arguing, Defendant relies on cases discussing joinder under Federal Rule of Civil Procedure 20.[8] Federal Rule of Civil Procedure 20, however, governs the permissive joinder of *parties*. Here, there is one plaintiff and one defendant, and Rule 20 is therefore inapplicable. Instead, Rule 18 governs. "The joinder of additional claims under Rule 18 is completely distinct from the issues of joinder of parties under Rule 20."[9] Rule 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." "Rule 18(a) of the Federal Rules of Civil Procedure grants the plaintiffs complete freedom to join in a single action all claims that they may have against any of the defendants."[10] That said, claims properly joined in a

---

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). Because the Court did not consider any evidence outside the pleadings in resolving this Motion, it need not address the arguments made thereto.

[8] *See* Rohr v. Metro. Ins. & Cas. Co., No. 06-10511, 2007 WL 163037, at *1 (E.D. La. Jan. 17, 2007); Comer v. Nationwide Mut. Ins., 2006 WL 1066645, at *3 (S.D. Miss. Feb. 23, 2006).

[9] Fractus, S.A. v. AT&T Mobility LLC, No. 2:18-CV-00135-JRG, 2019 WL 3253639, at *4 (E.D. Tex. July 19, 2019).

[10] *In re* Beef Indus. Antitrust Litig., MDL Docket No. 248, 600 F.2d 1148, 1168 (5th Cir. 1979); C & S Props. - C, LLC v. Foremost Ins. Co. Grand Rapids, Mich., No. CV 24-458, 2024 WL 2022950, at *2 (E.D. La. May 7, 2024).

pleading under Rule 18 "need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment."[11] Defendant is welcome to make such arguments at a later date, but Plaintiff's claims are not improperly cumulated at the pleadings stage.

### B. Failure to State a Claim

Next, Defendant argues that Plaintiff's "nondescript Petition fails to provide a short and plain statement of the operative facts giving rise to each of its cases or claims" in violation of Rules 8(a) and 10(b).[12] Specifically, Defendant complains that the Complaint vaguely and generally alleges damage to the insured properties, fails to give any detailed facts as to how its claims were mishandled, and does not allege when Defendants received sufficient proof of loss.

This Court agrees that Plaintiff's Complaint fails to allege sufficient facts to state a claim. To allege a claim for breach of contract under Louisiana law, the plaintiff must allege: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform (i.e., the breach); and (3) that the breach caused damages to the obligee.[13] "To state a claim for breach of Louisiana's bad faith statutes, plaintiff must adequately allege a breach of

---

[11] FED. R. CIV. P. 18 cmts.
[12] Doc. 6.
[13] Favrot v. Favrot, 68 So.3d 1099, 1109 (La. Ct. App. 4th Cir. 1991).

4

contract claim and include 'factual allegations' sufficient 'to plausibly conclude' that the defendant violated the statutes."[14]

Plaintiff has not alleged what policy provision Defendant breached, identified any specific actions or omissions of Defendant, or specified the damage to each of the insured properties. Further, "Plaintiff does not state when it notified Foremost of the loss, when Foremost responded to the notice of the loss, how Foremost responded, what has happened since plaintiff initiated the claim, or why any unpaid portions of the claim should be considered undisputed."[15] Accordingly, the Court agrees with Defendant that the Complaint lacks sufficient factual allegations to support a claim. That said, leave to amend should be freely given "when justice so requires."[16] Plaintiff shall have leave to amend its Complaint to provide sufficient factual allegations.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **GRANTED**. Plaintiff shall amend its Complaint within 20 days of this Order to the extent that it can remedy the deficiencies identified herein.

---

[14] *C & S Props. - C, LLC*, 2024 WL 2022950, at *3 (quoting Hibbets v. Lexington Ins. Co., 377 F. App'x 352, 355–56 (5th Cir. 2010)).
[15] *Id.*
[16] FED. R. CIV. P. 15.

New Orleans, Louisiana this 28th day of June, 2024.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**